## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VETERAN ESQUIRE LEGAL SOLUTIONS, PLLC, 6303 Blue Lagoon Drive Suite 400 Miami, FL 33126 and JONATHAN H. DAVIS 6303 Blue Lagoon Drive Suite 400 Miami, FL 33126         Plaintiffs, v. UNITED STATES DEPARTMENT OF VETERANS AFFAIRS, 810 Vermont Avenue NW Washington, D.C. 20571         Defendant. | Case No. 1:18-CV-00287 |

### COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

### I.    INTRODUCTION

1. This is an action arising under the Freedom of Information Act ("FOIA") 5 U.S.C. § 552, *et seq*, seeking injunctive, declaratory, and other appropriate relief, to compel the timely release of records from the United States Department of Veterans Affairs and various components therein ("VA," "the Agency" and "Defendant"), to Veteran Esquire Legal Solutions, PLLC, ("VELS") and its attorney, Jonathan H. Davis (collectively "Plaintiffs").

2. The records Plaintiffs requested are individual claims files ("C-Files") and related records of three Veterans maintained by Veterans Affairs in various systems of records. C-Files are

maintained for all Veterans that file veterans disability compensation claims pursuant to Title 38 of the United States Code. *See* Exhibit A-1; Exhibit B-2; Exhibit C-1.

3. VA has a pattern or practice of processing FOIA requests for C-Files solely under the Privacy Act – completely disregarding the requirements imposed on the Agency by the FOIA. This pattern or practice arises whenever an individual makes a "first-party" FOIA request or a request is made based upon an individual's name or other personal identifier. *See* Exhibit A-4; Exhibit C-4.

4. By processing selected FOIA requests as Privacy Act requests, VA purports to free itself from the processing deadlines imposed by the FOIA. *See id*.

5. Defendant's practice of processing C-file FOIA requests as Privacy Act requests deprives requestors of due process rights afforded by the FOIA while shielding VA from litigation arising as a result of untimely processing of FOIA requests. *See id*.

6. Defendant's policy of processing certain FOIA requests under the Privacy Act while disregarding the requirements imposed on the Agency by the FOIA constitutes an arbitrary and capricious pattern or practice pursuant to the FOIA.

7. Plaintiffs assert there is a significant public interest in disclosure of the requested records.

8. While processing these requests, VA asserted Plaintiffs' requests for claims files are to be processed only under the Privacy Act, even though Plaintiffs made the requests pursuant to FOIA and Plaintiffs' clients explicitly waived protections afforded by the Privacy Act.

9. To date, VA has not provided a final response to Plaintiffs' first-party FOIA requests within the time period afforded by the FOIA and insists the requests are not subject to the processing timelines imposed by the FOIA.

10. As a result of this pattern or practice, Plaintiffs are unable to adequately represent its pro

bono clients in administrative appeals of VA disability claims before VA Regional Offices and the Board of Veterans Appeals.

## II.  JURISDICTION AND VENUE

11. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331. This Court has jurisdiction to grant declaratory and other necessary relief pursuant to 28 U.S.C. § 2201-02.

12. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

## III.  PARTIES

13. Plaintiff Veteran Esquire Legal Solutions, PLLC, is a law firm incorporated as a Professional Limited Liability Company in the State of Florida. The firm primarily represents Veterans and their families in appealing denials of VA disability compensation claims before the Court of Appeals for Veterans Claims, but also represents clients in administrative appeals before VA Regional Offices and the Board of Veterans Appeals.

14. Plaintiff Jonathan H. Davis is the founder and managing member of Veteran Esquire Legal Solutions, PLLC. He is an attorney licensed to practice law in the State of Florida, accredited to represent claimants before the Department of Veterans Affairs, and is admitted to practice before this Court. Through Veteran Esquire Legal Solutions, PLLC, he represents the three Veterans that are the subject of the FOIA requests at issue in this case.

15. Defendant is the U.S. Department of Veterans Affairs ("VA" and "the Agency"), a cabinet-level Agency of the United States of America and is an agency within the meaning of 5 U.S.C. § 552(f). VA is responsible for adjudicating claims for veterans disability benefits under Title 38 of the United States Code and has possession and control over the documents sought by Plaintiffs.

## IV.  FACTS

16. When an individual requests records about themselves from the federal government, it is well established that agencies must apply provisions of both the FOIA and the Privacy Act while processing the request. *See, e.g.,* https://foia.blogs.archives.gov/2012/10/26/reconciling-foia-and-the-privacy-act/.

17. VA's own regulations mandate that "[r]equests for records about an individual protected by the Privacy Act, 5 U.S.C. 552a, including one's own records and records that pertain to an individual and that may be sensitive, will be processed under the FOIA and the Privacy Act." 38 C.F.R. § 1.550(b).

18. VA's regulations also require Defendant to process requests for records related to a VA benefits claim under the FOIA. 38 C.F.R. § 1.550(c).

19. The FOIA requires agencies to promptly make records available to any person if that person makes a request that (1) reasonably describes the records sought and (2) complies with any applicable agency rules for making such a request. 5 U.S.C. § 552(a)(3)(A).

20. The FOIA requires an agency to issue a final determination on a records request within twenty business days from the date of its receipt. 5 U.S.C. § 552(a)(6)(A)(i).

21. The FOIA allows an agency one extension of ten working days of this deadline when "unusual circumstances" exist and when the agency notifies the requestor of the extension in writing. 5 U.S.C. § 552(a)(6)(B).

22. The FOIA requires an agency to make a determination on an administrative appeal within twenty working days after its receipt. 5 U.S.C. § 552(a)(6)(A)(ii).

23. The Privacy Act does not contain any processing deadlines for agencies to follow.

24. Prior to seeking judicial review of a federal records request, requestors must exhaust

administrative remedies.

25. The FOIA allows for "constructive exhaustion" of administrative remedies, which allows requestors to file FOIA lawsuits when an agency fails to respond to a request within the mandatory FOIA processing deadlines.

26. The Privacy Act does not allow for constructive exhaustion of administrative remedies. The Privacy Act requires requestors to wait for a final agency decision before filing a lawsuit regarding their request.

27. VA maintains systems of records containing the individual claims files, vocational rehabilitation files, and medical records of individual Veterans seeking various benefits administered by VA pursuant to Title 38, U.S. Code.

28. A "C-File" or "Claims File" is a physical folder, an electronic record, or a combination of both physical and electronic records that contains information Veterans send to VA, records VA obtains, and documents VA creates during the processing of VA benefits claims.

29. Upon information and belief, at least ninety five percent of all C-Files Defendant maintains are stored in electronic format.

30. The terms "Claims File" and "C-File" are well-known terms of art within VA, and there should be no reasonable confusion by any VA employee who is responsible for production of documents in response to a FOIA request as to what documents should be produced when an individual or organization requests a copy of their or their client's "C-File."

31. A Veteran's C-File is a routine document and a FOIA request for such a document is routine.

32. VA can reasonably expect that many of the thousands of Veterans that appeal VA benefits claims every year will request at least one copy of their C-File while pursuing their appeals. Many claimants seek multiple copies of their C-Files as their claims progress through the

veterans disability benefits adjudicatory scheme.

33. The C-File is the only file that an attorney can review so as to provide full and informed legal advice to Veterans in claims for VA disability compensation.

34. VA infringes upon the procedural due process rights of Veterans seeking Title 38 disability benefits when it does not provide access to C-Files in a timely manner.

35. VA regulations do not require the Agency to suspend action on a Veteran's claim for benefits if a request for a C-File is pending. Accordingly, the Agency has the power to decide a claim or an appeal, even if the Veteran or the Veteran's representative has not had the opportunity to inspect the Veteran's C-File or raise arguments discovered during review of a C-File.

36. To raise many of the legal arguments applicable to the processing of a veterans benefits claim under Title 38, advocates must be able to inspect the records created by VA and stored in the Veteran's C-File.

37. In addition to FOIA, Veterans and advocates seeking to review a claims file can make an appointment to inspect the C-File in person at the VA Regional Benefits Office that has jurisdiction over the Veteran's claims.

38. Additionally, attorneys, agents, and Veteran Service Officers are permitted to access C-Files via remote access to VA computer systems, so long as the attorney or advocate signs an agreement that permits VA to monitor the attorney or advocate's computer system at any time and inspect the advocate or attorney's work station. Some state bar associations have advised attorneys that this agreement may violate the attorney-client privilege.

39. Besides FOIA, in-person inspection by appointment, and remote access that permits government surveillance of an advocate's computer, there is no other civil discovery mechanism available to Veterans seeking disability compensation in administrative

proceedings before VA Regional Offices or the Board of Veterans Appeals.

40. For VA disability compensation claims that are appealed to the Court of Appeals for Veterans Claims, VA routinely fulfills the Court's order to provide copies of the Record Before the Agency ("RBA") within thirty days of the Court's order.

41. The RBA VA serves on appellants at the Court of Appeals for Veterans Claims is, in essence, every document contained in the appealing Veteran's C-File.

42. Even though VA routinely serves copies of RBAs in a timely manner when ordered by the Court of Appeals for Veterans Claims, VA does not routinely provide Veterans appealing at the administrative level with copies of their C-Files in a timely manner when requested.

43. VA only accepts requests for an individual's C-File via mail or facsimile. Electronic filing of requests for C-Files is not permitted. *See* https://www.oprm.va.gov/foia/foia_howTo.aspx.

44. Parties requesting C-Files from VA are instructed to submit a request to the Veterans Affairs Evidence Intake Center located in Janesville, Wisconsin.

45. Once VA's Evidence Intake Center receives and processes a request for a C-File, VA forwards the request to VA's Records Management Center in St. Louis, Missouri.

46. Plaintiffs request Veterans' claims files (or "C-Files") from Veterans Affairs as part of its representation and/or consideration of representation of Veterans before VA. Plaintiffs will continue to make requests for C-Files for other Veterans in the future.

47. Plaintiffs are unable to adequately represent their clients or determine the legal merits of a potential client's claim if they are unable to access and inspect a client's or potential client's C-File in a timely manner.

48. As outlined in more detail below, Plaintiffs submitted FOIA requests for the C-Files and related documents for three Veterans it represents in pursuit of VA disability benefits on a

pro bono basis.

49. Each Veteran has waived the protection of the Privacy Act to allow Plaintiffs to request and receive these records on their behalf.

50. Plaintiffs timely appealed the lack of timely response and constructive denial for each request to VA's Office of General Counsel.

51. To date VA has not provided Plaintiffs with copies of the three requested C-Files.

*Veteran Sylvester Berry's C-File*

52. Plaintiffs submitted a FOIA request to the VA Evidence Intake Center via Certified Mail on November 21, 2017, seeking production of the C-File and related records of Veteran Sylvester Berry, Jr. *See* Exhibit A-1.

53. The original request for Veteran Berry's C-File asked the agency to process the request under both FOIA and the Privacy Act. *Id*.

54. Along with the request, Plaintiffs submitted a "Consent to Release Information," signed by Veteran Berry, authorizing disclosure of his records to Plaintiffs. *See* Exhibit A-2.

55. The Consent to Release Information signed by Mr. Berry included a sentence that stated, in relevant part, "I waive my rights under the Privacy Act, 5 U.S.C. Sec 522(a)(b), and under any other federal or state law or regulation which controls access to my records." *See id*.

56. After VA failed to acknowledge the request or produce the requested records within the deadlines imposed by FOIA, Plaintiffs emailed a timely FOIA appeal to VA's Office of General Counsel on December 21, 2017 – twenty-one working days after Plaintiffs mailed the original request. *See* Exhibit A-3.

57. VA did not request a ten-day extension of time to fulfill this request, pursuant to applicable provisions of the FOIA.

58. On January 9, 2018, VA's Records Management Center in St. Louis, Missouri, acknowledged Plaintiffs' request, stated it would only be processed under the Privacy Act, and provided a list of "Differences between the Privacy Act and FOIA Act." *See* Exhibit A-4.

59. On January 25, 2018, a representative from VA's Office of General Counsel acknowledged Plaintiffs' appeal via email and advised the request was properly considered solely under the Privacy Act. *See* Exhibit A-5.

60. In response to the email from VA's Office of General Counsel, Plaintiffs requested clarification of VA's position. Plaintiffs explained provisions of the Privacy Act were waived and that the request was intended to be processed as a first-party FOIA request. *See id*.

61. VA's representative responded that the Agency's "Acting Chief Counsel" would remand the request to VA's Records Management Center and explain its position fully in a letter to Plaintiffs. *See id*.

62. To date, Defendant has not issued any determination as to what records will be released, provided a "remand letter," nor issued any records in response to the November 21, 2017, FOIA request.

### *Veteran Arthur Carucci's C-File*

63. Plaintiffs submitted a FOIA request to the VA Evidence Intake Center via Certified Mail on November 21, 2017, seeking production of the C-File and related records of Veteran Arthur Carcucci. *See* Exhibit B-1.

64. The original request for Veteran Carucci's C-File asked the agency to process the request under both FOIA and the Privacy Act. *Id*.

65. Along with the request, Plaintiffs submitted a "Consent to Release Information," signed by Veteran Carucci, that authorized disclosure of his records to Plaintiffs. *See* Exhibit B-2.

66. The Consent to Release Information signed by Mr. Carucci included a sentence that stated, in relevant part, "I waive my rights under the Privacy Act, 5 U.S.C. Sec 522(a)(b), and under any other federal or state law or regulation which controls access to my records." *See id*.

67. VA did not request a ten-day extension of time to fulfill this request, pursuant to applicable provisions of the FOIA.

68. After VA failed to acknowledge the request or produce the requested records within the deadlines imposed by FOIA, Plaintiffs served a timely FOIA appeal to VA's Office of General Counsel via email on December 21, 2017 – twenty-one working days after Plaintiffs mailed the original request. *See* Exhibit B-3.

69. To date, VA's Office of General Counsel has not acknowledged or responded to this appeal.

70. To date, Defendant has not issued any determination as to what records will be released, nor has it issued any records in response to the November 21, 2017, FOIA request.

### *Veteran Maurice Smith's C-File*

71. Plaintiffs submitted a FOIA request to the Veterans Affairs Intake Center on November 21, 2017, seeking production of the C-File and related records of Veteran Maurice E. Smith. *See* Exhibit C-1.

72. The original request for Veteran Smith's C-File asked the agency to process the request under both FOIA and the Privacy Act. *Id*.

73. Along with the request, Plaintiffs submitted a "Consent to Release Information," signed by Veteran Smith, authorizing disclosure of his records to Plaintiffs. *See* Exhibit C-2.

74. The Consent to Release Information signed by Mr. Smith included a sentence that stated, in relevant part, "I waive my rights under the Privacy Act, 5 U.S.C. Sec 522(a)(b), and under any other federal or state law or regulation which controls access to my records." *See id*.

75. After VA failed to acknowledge the request or produce the requested records within the deadlines imposed by FOIA, Plaintiffs served a timely FOIA appeal to VA's Office of General Counsel via email on December 21, 2017 – twenty-one working days after Plaintiffs mailed the original request. *See* Exhibit C-3.

76. On or around December 27, 2017, Plaintiffs received a letter from VA's Records Management Center dated December 13, 2017. This letter acknowledged the request for Veteran Smith's C-File, stated it would only be processed under the Privacy Act, and provided a list of "Differences between the Privacy Act and FOIA Act." *See* Exhibit C-4.

77. To date, VA's Office of General Counsel has not acknowledged or responded to this appeal.

78. To date, Defendant has not issued any determination as to what records will be released, nor has it issued any records in response to the November 21, 2017, FOIA request.

## V.    FIRST CAUSE OF ACTION: PLAINTIFFS' RIGHT TO RECEIVE VETERAN BERRY'S C-FILE PURSUANT TO THE FOIA

79. Plaintiffs incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

80. Plaintiffs filed a request for documents to be processed under the FOIA and the Privacy Act.

81. The FOIA mandates the timely production of the documents sought by Plaintiffs in the FOIA request for Veteran Berry's C-File.

82. VA has not provided Plaintiffs with the C-File and related documents of Veteran Sylvester Berry within the timeframe required by the FOIA.

83. No FOIA or Privacy Act exemptions apply to this request.

84. No exception or unusual circumstances preclude a response to the request within twenty business days of the request.

85. VA has not sought an extension of time in which to respond to the request.

86. Plaintiffs have exhausted administrative remedies, as required by the FOIA.

87. VA has failed to follow its own FOIA regulations by processing this FOIA request solely under the Privacy Act.

88. Veteran Berry has multiple appeals pending at the Board of Veterans Appeals and his local VA Regional Office.

89. Plaintiffs represent Veteran Berry on a pro bono basis in his pursuit for VA disability benefits.

90. By failing to timely respond to this FOIA request and process the responsive records, VA has effectively withheld those documents under the FOIA and constructively denied this request.

91. Without access to Veteran Berry's C-File, Plaintiffs cannot adequately represent Veteran Berry's interests with regards to his pursuit of VA disability compensation under Title 38.

92. An actual and justiciable controversy exists as to whether Defendant has violated the FOIA.

93. Plaintiffs seek declaratory judgment that the FOIA entitles Plaintiffs to the requested records in a timely manner.

## VI.    SECOND CAUSE OF ACTION: PLAINTIFFS' RIGHT TO RECEIVE VETERAN CARUCCI'S C-FILE PURSUANT TO THE FOIA

94. Plaintiffs incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

95. Plaintiffs filed a request for documents to be processed under the FOIA and the Privacy Act.

96. The FOIA mandates the timely production of the documents sought by Plaintiffs in the FOIA request for Veteran Carucci's C-File.

97. VA has not provided Plaintiffs with the C-File and related documents of Veteran Arthur Carucci within the timeframe required by the FOIA.

98. Plaintiffs have exhausted administrative remedies, as required by the FOIA.

99. VA has failed to follow its own FOIA regulations by processing this FOIA request solely under the Privacy Act.

100. VA has not sought an extension of time in which to respond to the request.

101. No FOIA or Privacy Act exemptions apply to this request.

102. No exceptional or unusual circumstances preclude a response to the request within twenty business days of the request.

103. Veteran Carucci has appeals pending at the Board of Veterans Appeals and his local VA Regional Office.

104. Plaintiffs represent Veteran Carucci on a pro bono basis in his pursuit for VA disability benefits.

105. By failing to timely respond to this FOIA request and process the responsive records, VA has effectively withheld those documents under the FOIA and constructively denied this request.

106. Without access to Veteran Carucci's C-File, Plaintiffs cannot adequately represent Veteran Carucci's interests with regards to his pursuit of VA disability compensation under Title 38.

107. An actual and justiciable controversy exists as to whether VA has violated the FOIA.

108. Plaintiffs seek declaratory judgment that the FOIA entitles Plaintiffs to the requested records in a timely manner.

## V.     THIRD CAUSE OF ACTION: PLAINTIFFS' RIGHT TO RECEIVE VETERAN SMITH'S C-FILE PURSUANT TO THE FOIA

109. Plaintiffs incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

110. Plaintiffs filed a request for documents to be processed under the FOIA and the Privacy

Act.

111.    The FOIA mandates the timely production of the documents sought by Plaintiffs in the

request for Veteran Smith's C-File.

112.    VA has not provided Plaintiffs with the C-File and related documents of Veteran Maurice

Smith within the timeframe required by the FOIA.

113.    Plaintiffs have exhausted administrative remedies, as required by the FOIA.

114.    VA has failed to follow its own FOIA regulations by processing this first-party FOIA

request solely under the Privacy Act.

115.    VA has not sought an extension of time in which to respond to the request.

116.    No FOIA or Privacy Act exemptions apply to this request.

117.    No exception or unusual circumstances preclude a response to the request within twenty

business days of the request.

118.    Veteran Smith has appeals pending at the Board of Veterans Appeals.

119.    Plaintiffs represent Veteran Smith on a pro bono basis in his pursuit for VA disability

benefits.

120.    Without access to Veteran Smith's C-File, Plaintiffs cannot adequately represent Veteran

Smith's interests with regards to his pursuit of VA disability compensation under Title 38.

121.    By failing to timely respond to this FOIA request and process the responsive records, VA

has effectively withheld those documents under the FOIA and constructively denied this

request.

122.    An actual and justiciable controversy exists as to whether VA has violated the FOIA.

123.    Plaintiffs seek declaratory judgment that the FOIA entitles Plaintiffs to the requested

records in a timely manner.

## VI.   FOURTH CAUSE OF ACTION: VA'S IMPROPER AND ILLEGAL PRACTICE OR PROCEDURE OF PROCESSING FOIA REQUESTS SOLELY UNDER THE PRIVACY ACT

124.   Plaintiffs incorporate the allegations in the foregoing paragraphs as though fully set forth herein.

125.   In response to the FOIA and/or Privacy Act requests for the records of Veterans Berry, Carucci, and Smith, the Agency took the position that the request should be processed only under the Privacy Act. This position was ostensibly taken to avoid the mandatory response timelines of FOIA. *See* Exhibit A-4; Exhibit C-4.

126.   VA has a pattern and practice of re-framing certain FOIA requests, including requests for C-Files, as Privacy Act requests so that it may avoid procedural requirements imposed on the Agency by the FOIA, such as following timeliness deadlines and allowing judicial review in the Courts.

127.   VA consistently fails to timely provide Veterans with copies of their C-Files, records that are required for them to inspect to adequately pursue claims for disability benefits.

128.   VA's position that FOIA timelines do not apply to a request for a veteran's claims file and related records is contrary to long-standing federal law, judicial precedent, and the Agency's own regulations.

129.   Plaintiffs have been injured by VA's pattern and practice of failing to comply with the FOIA's statutory deadlines and notice requirements.

130.   VA's pattern and practice is deliberate, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the FOIA.

131.   VA's pattern or practice creates unnecessary delay in a unique adjudicatory scheme that Congress intended to be Veteran-friendly.

132.    VA's pattern or practice of delaying FOIA requests is untenable, for the Agency routinely

provides appellants at the Court of Appeals for Veterans Claims with documents that are the

same as C-Files within thirty days of that Court's order.

133.    VA's pattern or practice of not allowing electronic filing of requests for C-Files is

arbitrary or capricious and contributes to the Agency's delays in processing these requests.

134.    By failing to timely respond to FOIA requests and process responsive records, VA

effectively withholds these critically-important documents under the FOIA and

constructively denies these requests.

## VII.    REQUEST FOR RELIEF

WHEREFORE, Plaintiffs request this Court grant the following relief:

A.  Order VA to produce the documents sought by Plaintiffs in Counts One through Three

without further delay;

B.  Declare that VA has engaged in a pattern or practice of unlawfully processing requests for a

C-Files solely under the provisions of the Privacy Act and not pursuant to the provisions of

both the FOIA and the Privacy Act;

C.  Permanently enjoin Defendant and its agents, employees, officers, et al. from ignoring the

timeliness requirements imposed by the FOIA by relying upon the lack of timeliness

provision in the Privacy Act;

D.  Order Defendant to begin accepting requests for C-Files electronically;

E.  Award Plaintiffs costs and reasonable attorneys fees in this action as provided in 5 U.S.C. §

552(a)(4)(E), 28 U.S.C. § 2412, and/or under any other appropriate federal statute;

F.  Issue a written finding that the circumstances surrounding the withholdings at issue raise

questions as to whether agency personnel acted arbitrarily and capriciously with respect to

the withholding of records and order VA Office of Special Counsel to initiate a proceeding to

determine whether disciplinary action is warranted against the officer or employee who was

primarily responsible for the withholding pursuant to 5 U.S.C. § 552(a)(4)(F);

G.  Order VA to undertake such "corrective action" as recommended by the Special Counsel;

and

H.  Grant other such relief at law or in equity as the Court deems proper.

Respectfully submitted,


/s/ Jonathan H. Davis
Jonathan H. Davis, Esq.
Federal Bar #FL0019
*Veteran Esquire Legal Solutions, PLLC*
6303 Blue Lagoon Drive, Suite 400
Miami, FL 33126
Phone: 1-800-679-0791
Fax: 202-552-1065
jon@veteranesquire.com

Attorney for Plaintiffs